UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DOMONIQUE COTTON | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | CV423-031 |
| v. | ) | |
| | ) | |
| QUANTIX | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Domonique Cotton ("Plaintiff"), through undersigned counsel, and files this complaint for damages against Quantix ("Defendant"), and for his Complaint shows the following:

### I.     Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

1

Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## II.   Parties and Facts

5.

Plaintiff is an African American male citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process at its regional corporate office at the following address: 1004 Gateway Pkwy, Rincon, GA 31326.

8.

Plaintiff became employed at the Defendant as a Rail Road Conductor during or around the second week of March 2022.

9.

Within a week after his hire date he experienced racial slurs from Mark, a higher up who worked at Defendant.

10.

More specifically, Mark referred to Plaintiff and other African Americans in his group as monkeys, and said, "All black people look the same."

11.

In or around the fourth week of March 2022, Plaintiff complained to Lonnie, General Manager about the comments that were being made by Mark.

12.

Lonnie told Plaintiff that he would look into the issue. However, there was no investigation or formal follow up into the complaint made by Plaintiff.

13.

In or around the first week of May 2022, Plaintiff again complained about issues at Defendant regarding his race to Lonnie.

14.

This time, Plaintiff complained that Tracy was treating him and other African American employees much worse than she treated Hispanic and Caucasian employees who worked as Rail Road Conductors at Defendant.

15.

More specifically, he stated that Tracy would give Plaintiff and other African American employees harder jobs, and had much higher expectations toward him and other African Americans that she didn't have toward others who are not African American.

Case 4:23-cv-00031-WTM-CLR   Document 1   Filed 02/07/23   Page 4 of 7

16.

On or around May 11, 2022, Plaintiff was terminated from his employment at Defendant with no reason provided.

17.

Tracy, the same person Plaintiff had complained about less than one week prior was the decisionmaker regarding Plaintiff's termination.

18.

Prior to his termination, Plaintiff had never received any disciplinary actions from Defendant, nor was he put on notice regarding any performance issues.

**Count I**
**RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

19.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

20.

Defendant subjected Plaintiff to discrimination on the basis of his race.

21.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

22.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

23.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

4

24.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

25.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

26.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

27.

Defendant retaliated against Plaintiff when he engaged in the protected activity of complaining about said race discrimination also in violation of this Act.

28.

Defendant terminated Plaintiff for engaging in protected activity in violation of the Act.

29.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation against Plaintiff under the Act.

30.

As a direct, natural, proximate and foreseeable result of Defendant's retaliation, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

31.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

32.

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 7th day of February, 2023.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:    (404) 965-1682
Email: *jstephens@forthepeople.com*